UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JASON EVANS,

                     Plaintiff,

    -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
HECTOR LOPEZ, SHIELD # 10446,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE(S)", EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,

                     Defendants.

07 CV 3757 (MGC)

VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

------------------------------------------------------------X

    1.    This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

    2.    This action is brought pursuant to 42 US C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

    3.    Plaintiff is a resident of New York City, New York County, State of New York.

    4. At all times hereinafter mentioned, the Defendant Police Officer was an employee of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of his employment. They are sued individually and in their official capacity as New York City Police Officers.

    5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO

AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed each individual Defendant sued herein.

6. Upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the City was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents and employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights, assault, false arrest and malicious prosecution of the Plaintiff.

## FACTS

9. On or about October 27, 2006, at approximately 11:45 A.M., plaintiff was in Bronx, New York, and had entered a residential building to see a friend.

10. While inside the above location, he was ordered to stop by the defendant police officers.

11. Plaintiff ran from the officers out of fear.

12. The officers caught up with plaintiff, handcuffed him and proceeded to charge him with trespass.

13. At that time plaintiff was unjustifiably assaulted by the officers, who hit him in the neck with a walkie-talkie and punched him two times in the face.

14. After spending almost 27 hours in jail, plaintiff was arraigned and accepted an Adjournment in contemplation of dismissal (ACD).

15. Upon his release, his mother immediately took him to White Plains Hospital where he was treated for his injuries, which included cuts and bruises.

16.     Plaintiff suffered extreme and protracted pain and mental anguish as a result of Defendants' conduct.

17. As a result of this false arrest, incarceration, assault and violation of his civil rights, plaintiff suffered degradation, humiliation, loss of reputation and esteem and various other emotional and physical injuries.

18.  Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendants' tendencies to make unlawful arrests, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

19.     Defendants City and N.Y.P.D. knew or should have known that prior to the above-referenced date, the perpetration of unlawful arrests, commission of other unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of Defendants officer was occurring, but failed to take appropriate steps to eliminate such unlawful acts.

20.     Defendants City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City investigated the unlawful acts of Defendant officer or properly investigated reports of their alleged misconduct.

FOR A FIRST CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

21. Plaintiff reiterates and realleges the facts stated in paragraphs 1-20 as if stated fully herein.

22. As a result of their actions, Defendants, acting under "color of law", deprived Plaintiff of his liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

23. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

24. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

FOR A SECOND CAUSE OF ACTION
FOR VIOLATION OF CIVIL RIGHTS

25. Plaintiff reiterates and realleges the facts stated in paragraphs 1-24 as if stated fully herein.

26. As a result of their actions, Defendants, acting under "color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

27. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

28. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## FOR A THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

29. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

30. Defendant City, through NYC Police Commissioner Kelly, as a municipal policymaker, in the hiring, training and supervision of its employees, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, violating Plaintiff's right to be free from the use of excessive force and from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendant City, Defendant officers committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that Defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant Officers, and the City of New York for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendant Officers, and the City of New York, for punitive damages in the amount of Two Million ($2,000,000.00) Dollars; and,

4. Enter an Order:

        a) Awarding plaintiffs' reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

        b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

    Plaintiffs hereby demand a trial by jury.

Dated:  New York, New York
       March 27, 2007

                              **RESPECTFULLY,**

                              _____
                              **STEVEN A. HOFFNER, ESQ.**
                              Attorney for the plaintiff
                              350 Broadway, Suite 1105
                              New York, New York 10013
                              Tel:    (212) 941-8330
                              Fax:   (212) 941-8137
                              (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
     March 27, 2007

                                                        _____
                                                        STEVEN A. HOFFNER, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

JASON EVANS,

                    Plaintiff,          VERIFIED
                                           COMPLAINT AND
   -against-                           DEMAND FOR
                                           <u>A JURY TRIAL</u>

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
HECTOR LOPEZ, SHIELD # 10446,
AND N.Y.C. POLICE OFFICERS
"JOHN DOE(S)", EACH SUED
INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY,
                          Defendants.

-----------------------------------------------------------X


Steven Hoffner, Esq.
Attorney for plaintiff
350 Broadway, Suite 1105
New York, New York 10013
Tel:   (212) 941-8330
Fax:   (212) 941-8137