UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

JASON EVANS

Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE OFFICER HECTOR LOPEZ, SHIELD #10446, and N.Y.C. POLICE OFFICERS "JOHN DOE(S)", EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

Defendants.

---------------------------------------------------------------------- x

**ANSWER**

07 Civ. 3757 (MGC)

Jury Trial Demanded

**FILED VIA ECF**

Defendants City of New York and Police Officer Hector Lopez, Shield #10446, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action, invoke the jurisdiction of the Court and to base venue as stated therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that Hector Lopez was and is employed as a Police Officer with the New York City Police Department, that plaintiff purports to proceed as stated therein, and state that the allegations that the defendant police officer was acting within the scope and authority of his employment is a

conclusion of law rather than an averment of fact to which no response is required, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning unidentified "John Doe" officers.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation existing by virtue of the laws of the State of New York, that it maintains a police department, and deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the unidentified police officers.

6. The allegations set forth in paragraph "6" of the complaint are conclusions of law rather than averments of fact to which no response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint, except admit that on October 27, 2006, at approximately 11:45 a.m., plaintiff did enter a New York City Housing Authority residential building at 2600 Creston Avenue, Bronx, New York.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit, upon information and belief, that plaintiff did run away, for reasons unknown, from police officers located inside the lobby of the residential building at 2600 Creston Avenue, who were present and investigating an unrelated matter.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit, upon information and belief, that plaintiff was pursued by a police officer, apprehended, handcuffed, and placed under arrest for Criminal Trespassing in the Second Degree. plaintiff resisted arrest by flailing his arms and fighting with the arresting police officers.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit, upon information and belief, that plaintiff was seen at White Plains Hospital on or about October 28, 2006.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. In response to the allegation set forth in paragraph "21" of the complaint, defendants repeat and reallege paragraphs "1" - "20" of this answer as if fully set forth herein.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegation set forth in paragraph "25" of the complaint, defendants repeat and reallege paragraphs "1" - "24" of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegation set forth in paragraph "29" of the complaint, defendants repeat and reallege paragraphs "1" - "28" of this answer as if fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

32. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

33. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

34. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

35. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

36. This action may be barred in whole or in part by the applicable statute of limitations.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

37. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

38. Defendant Lopez has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

39. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

40. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

41. Punitive damages are not available against defendant City of New York.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

42. Plaintiff provoked any incident.

**WHEREFORE,** defendants City of New York and Officer Lopez request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 10, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants City of New York and
Police Officer Lopez
100 Church Street, Room 3-195
New York, New York 10007
(212) 788-0422

By: ______________________
Basil C. Sitaras (BS-1027)
Assistant Corporation Counsel
Special Federal Litigation

To: VIA ECF
Steven A. Hoffner, Esq.
Attorney for Plaintiff
350 Broadway, Suite 1105
New York, NY 10013

Index No. 07 Civ. 3757

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON EVANS

Plaintiff,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE OFFICER HECTOR LOPEZ, SHIELD #10446, and N.Y.C. POLICE OFFICERS "JOHN DOE(S)", EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,

Defendants.

**ANSWER TO COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*and Police Officer Lopez*
*100 Church Street*
*New York, New York. 10007*

*Of Counsel: Basil C. Sitaras*
*Tel: (212) 788-0422*
*LawManager No. 2007-017378*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ............................................., *200*......

..................................................................................... *Esq.*

*Attorney for* ...........................................................